UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

TARA L. O'HANLON,

                Plaintiff,

v.                                                                                                Civil Action No._____

WINDHAM PROFESSIONALS, INC.,

                Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. Plaintiff, Tara L. O'Hanlon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "FDCPA") for a finding that Defendant's debt collection efforts violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Tara L. O'Hanlon ("O'Hanlon"), is a natural person residing in the county of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5. Defendant, Windham Professionals, LLC ("Windham"), is a New York State foreign business corporation, and is a debt collector as defined by 15 U.S.C. § 1692a(6). The New York State Department of State indicates a principal executive office located at 380 Main Street, Salem, New Hampshire 03079.

6. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

7. All references to "Defendant" or "Windham" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred financial obligations to NYS Higher Education Student Loan Corporation (NYSHESC) from 2005-2007 in connection with the origination of student loans for personal, family, or household purposes; the associated debt is, therefore, a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

9. Subsequent to the origination of the subject debt, a payment default occurred.

10. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

11. Windham began its collection efforts against O'Hanlon in June of 2012.

12. In June of 2012, one of Windham's collectors called Tony Greco, the boyfriend of O'Hanlon, and during the telephone communication disclosed that O'Hanlon owed a debt. The collector also indicated that Greco's credit could be damaged because of his girlfriend. Windham illegally disclosed a debt to a third party, and made a false, misleading, and deceptive representation with regard to the boyfriend's credit.

13. In June of 2012, Windham also called O'Hanlon's aunt to obtain location information. Based upon the aunt's recollection of the communication, the call was a permissible attempt to obtain location information.

14. On or about July 10, 2012, a Windham collector by the name of "Latoya" called O'Hanlon and informed her that she needed to pay Windham to avoid legal action. However, this is materially misleading, false, and deceptive, in that the borrower could successfully rehabilitate the government loan in order to get the loans out of a default status. 20 U.S.C § 1078-6, 34 C.F.R. § 682.405.

15. On or about July 13, 2012, O'Hanlon sent a fax to Latoya a fax indicating that she could not receive collection communications at her place of employment, as the calls were not permitted by the employer, and it was not convenient for her to receive calls there.

16. On July 18, 2012, Latoya called O'Hanlon's place of employment and spoke to a receptionist by the name of Terri Carr. Latoya disclosed that O'Hanlon owed a debt, and she also inquired as to O'Hanlon's employment duties, tenure, and salary. This call violated the FDCPA because: i) the call was to the employer when the collector knew the Plaintiff's employer prohibited such calls; ii) the call was at a place known to be inconvenient to the Plaintiff; iii) the call disclosed the debt to a third party; iv) the call

failed to limit the content of the call to mere location information; v) the call was an impermissible third-party communication.

17. On July 18, 2012, O'Hanlon faxed a second request to the Defendant, indicating that "Tara O'Hanlon is not permitted to receive personal phone calls at her work. Please do not attempt to contact her at our place of business."

18. On July 29, 2012, a Windham collector by the name of Andy again called O'Hanlon's place of employment and spoke to the receptionist, Terri Carr. He again disclosed the presence of a debt.

19. On August 21, 2012, Andy called the place of employment again, and spoke to a co-worker by the name of Jennifer Antilla. Andy left his phone number and asked that O'Hanlon return his call.

20. As a result of ACT's FDCPA violations, the Plaintiff has suffered damages.

21. Each of the aforementioned FDCPA violations occurred within one year of the date of this complaint.

## V. CAUSE OF ACTION

22. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    a. Defendant violated 15 U.S.C §§ 1692b, 1692b(2), 1692b(3) by calling the Plaintiff's employer and boyfriend and failing to limit the content of the call to the mere attempt to obtain location information. Rather, the Defendant disclosed the presence of a debt, and communicated with Terri Carr on more than one occasion.

b. Defendant violated 15 U.S.C §§ 1692c(a)(1), 1692c(a)(3), 1692c(b) by communicating with the Plaintiff at a place known to be inconvenient, and by communicating at the Plaintiff's place of employment when the Defendant knew the Plaintiff's employer prohibited such communication, and by communicating with third parties.

c. Defendant violated 15 U.S.C §§ 1692e, 1692e(10) by making false, misleading, and deceptive representations in connection with collection efforts, such as stating that paying the collector was only way to avoid legal action, and by telling Plaintiff's boyfriend that his credit could be impacted.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Damages pursuant to 15 U.S.C. § 1692k;

(b) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(c) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  October 12, 2012

                                                       s/Brad J. Davidzik_____
                                                       Brad J. Davidzik, Esq.
                                                       Jeffrey Freedman Attorneys at Law
                                                       Attorneys for Plaintiff
                                                       424 Main Street, Suite 622
                                                       Buffalo, New York 14202
                                                       (716) 856-7091
                                                       Email: bdavidzik@jeffreyfreedman.com